## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH SHOEMAKER, RICHARD GINDIN, DEMYA JOHNSON, KIMBERLY STARLING, And MATTHEW MCCORMICK, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil No. 1:21-cv-01668-CCC |
| RICHARD ZEITLIN, AMERICAN TECHNOLOGY SERVICES, LLC, UNIFIED DATA SERVICES, LLC, COMPLIANCE CONSULTANTS, LLC, WIRED 4 DATA, LLC, and JOHN DOES 1-10, corporate entities and individuals presently unknown, | ) ) ) ) ) ) ) ) ) ) | **Judge Conner**<br><br>**ELECTRONICALLY FILED** |
| Defendants. | ) ) |  |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' <u>MOTION TO STRIKE CLASS ALLEGATIONS</u>

Defendants Richard Zeitlin; American Technology Service, LLC;

Unified Data Services, LLC; Compliance Consultants, LLC; and Wired

4 Data, LLC, by and through undersigned counsel, hereby files this

Memorandum in Support of Defendants' Motion to Strike Class

Allegations, pursuant to Federal Rule of Civil Procedure 12(f).

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................... ii

TABLE OF AUTHORITIES .................................................................. iv

INTRODUCTION ........................................................................... 1

STANDARD OF REVIEW ................................................................... 2

ARGUMENT & AUTHORITIES ............................................................ 3

I.   The Class Allegations Should be Stricken Because Plaintiffs' Proposed Class Definition Creates an Impermissible Fail-Safe Class. ................................................................................. 3

II.  Plaintiffs' Proposed Fail-Safe Class Improperly Seeks to Evade the Bar of Res Judicata. ................................................................. 7

III. Plaintiffs' Proposed Fail-Safe Class Seeks to Improperly Reinstate the One-Way Intervention that the 1966 Amendment to Rule 23 was Designed to Abrogate. ............................................. 8

IV.  Plaintiffs' Proposed Fail-Safe Class Should be Stricken Because it would Prevent Absent Class Members from Receiving Adequate Notice and Opting Out Prior to Final Judgment. ......... 11

V.   Plaintiffs' Proposed Fail-Safe Class Allegations Should be Stricken on the Independent Ground that Class Members Could Never be Ascertained Prior to Final Judgment. ................. 12

VI.  Striking Plaintiffs' Class Allegations with Prejudice is Appropriate Here Because Individual Issues of Consent and Revocation will Necessarily Predominate, and No Amount of Discovery could Cure this Defect. ................................................... 14

VII. In the Alternative, this Court Should Strike the Class
       Allegations Because this Court has No Personal Jurisdiction to
       Adjudicate the Claims of Non-Pennsylvania Residents Whose
       Injuries Occurred Outside Pennsylvania. ......................................18

CONCLUSION ....................................................................................22

CERTIFICATE OF COMPLIANCE .........................................................23

CERTIFICATE OF SERVICE ..................................................................23

# TABLE OF AUTHORITIES

## Cases

*Allen v. Holiday Universal*, 249 F.R.D. 166 (E.D. Pa. 2008) .............8, 10

*Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16-cv-9281, 2018 U.S. Dist. LEXIS 120590 (N.D. Ill. July 19, 2018) ..............................20

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) .................................................................4

*Bakov v. Consol. World Travel, Inc.*, 15-cv-2980, 2019 U.S. Dist. LEXIS 46510 (N.D. Ill. Mar. 21, 2019).............................................20

*Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015) .................................................................................6

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773 (2017) 18, 19

*Davoll v. Webb*, 160 F.R.D. 142 (D. Colo. 1995).......................................13

*DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947 (N.D. Ill. Jan. 18, 2018) ...............................................21

*Dixon v. Monterey Fin. Servs., Inc.*, 2016 U.S. Dist. LEXIS 111687, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) .............................6, 14, 15

*Eager v. Credit Bureau Collection Servs., Inc.,* No. 1:13-CV-173, 2014 WL 3534949 (W.D. Mich. July 16, 2014) .............................................13

*Forman v. Data Transfer*, 164 F.R.D. 400 (E.D. Pa. 1995) ....................15

*Horowitz v. AT&T, Inc.*, 17-cv-4827, 2018 U.S. Dist. LEXIS 69191 (D.N.J. April 25, 2018)........................................................20

*In re Dental Supplies Antitrust Litig.*, 16-cv-696, 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y Sept. 20, 2017) .......................................20, 21

*In re Dicamba Herbicides Litig.*, MDL 2820, 2019 U.S. Dist. LEXIS 20225 (E.D. Mo. 2019)............................................................................20

*In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig.*, No. MDL 2736, 220 F.Supp.3d 1363, 2016 U.S. Dist. LEXIS 138870, 2016 WL 5846029 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016) ..................................16

*In re Nexium Antitrust Litig.*, 777 F.3d 9 (1st Cir. 2015) ........................8

*Inzillo v. Cont'l Plaza*, NO. 3:99-CV-0100, 2000 U.S. Dist. LEXIS 20103 (M.D. Pa. Nov. 27, 2000)..............................................................18

*Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734 (9th Cir. April 14, 2010) ..................................................................................................8, 11

*Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72 (3d Cir. 2011) ...........................................................................................2

*Lindsay Transmission, LLC v. Office Depot, Inc.*,2013 U.S. Dist. LEXIS 9554, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ......................6

*Maclin v. Reliable Reports of Tex., Inc.*, 314 F.Supp.3d 845 (N.D. Ohio 2018) ...........................................................................................21

*Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34 (1st Cir. 2013) ............2

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012)..........12, 14

*McDonnell v. Nature's Way Products, LLC*, 2017 U.S. Dist. LEXIS 177892 (N.D. Ill. Oct. 26, 2017)............................................................21

*MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp.*, 404 F. Supp. 3d 470 (D. Mass. 2019) ..........................................5

*Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014)......17

*Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 U.S. Dist. LEXIS 186402 (C.D. Cal. Dec. 21, 2016) ....6, 14, 15, 17

*Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n*, 814 F.2d 358 (7th Cir. 1987) ...................................................................9

*Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011) .....................................................................................7

*Robinson v. Gillespie*, 219 F.R.D. 179 (D. Kan. 2003)............................12

*Roy v. FedEx Ground Package Sys., Inc.*, 2018 U.S. Dist. LEXIS 85288 (D. Mass. May 22, 2018) ...............................................19

*Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228 (11th Cir. 2000) .........17

*Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 U.S. Dist. LEXIS 63122 (S.D. Ohio May 7, 2014)................................................5, 6

*Schonton v. MPA Granada Highlands LLC*, No. 16-cv-12151-DJC, 2019 U.S. Dist. LEXIS 56502 (D. Mass. Apr. 2, 2019) .........................13

*Shamblin v. Obama*, No. 8:13-cv-2428-T-33TBM, 2015 U.S. Dist. LEXIS 54849 (M.D. Fla. Apr. 27, 2015)................................................17

*Slapikas v. First Am. Title Ins. Co.*, 250 F.R.D. 232 (W.D. Pa. 2008) ....13

*Taylor v. Universal Auto Grp. I, Inc.*, No. 3:13-cv-05245-KLS, 2014 U.S. Dist. LEXIS 164312 (W.D. Wash. Nov. 24, 2014) .........................5

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016)......................19

*Ubaldi v. SLM Corp.*, No. 11-01320 EDL, 2014 U.S. Dist. LEXIS 38587 (N.D. Cal. Mar. 24, 2014)...........................................12

*Union Carbide & Carbon Corp. v. Nisley*, 300 F.2d 561 (10th Cir. 1961) .....................................................................................9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) .....................................................................2

*Wanty v. Messerli & Kramer, P.A.*, No. 05-CV-0350, 2006 WL 2691076 (E.D. Wis. Sept. 19, 2006).....................................................11

*Wenokur v. AXA Equitable Life Ins. Co.*, 17-cv-165, 2017 U.S. Dist. LEXIS 162812 (D. Ariz. Oct. 2, 2017) ....................................................21

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012)............4

*Zarichny v. Complete Payment Recovery Servs.*, 80 F.Supp.3d 610 (E.D. Pa. 2015) ........................................................................passim

## Other Authorities

137 Cong. Rec. 30,822 (1991)....................................................................17

Geller, Erin L., *The Fail-Safe Class as an Independent Bar to Class Certification*, 81 Fordham L. Rev. 2769 (April 2013)..........................13

## Rules

Fed. R. Civ. P. 12................................................................................. ii, 2

Fed. R. Civ. P. 23.......................................................................1, 8, 9, 11

Local Rule 7.8(a).........................................................................................5

## INTRODUCTION

Plaintiffs are residents of various states who claim that one or more of the Defendants contacted their cellular telephones at various times between 2018 and 2021 in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiffs seek to bring a TCPA claim on behalf of themselves and a nationwide class. Defendants move to strike and dismiss the class allegations on two independent grounds. First, the class is an impermissible fail-safe class that defines class membership by virtue of Defendants' liability. Second, this Court lacks personal jurisdiction over putative class members outside Pennsylvania. As no amount of discovery or amendment could cure these defects, the class allegations should be stricken with prejudice.

**Plaintiffs' Proposed Class:**

Pursuant to Rule 23(b), Plaintiffs seek certification of a class defined as follows:

> From September 27, 2017, all individuals (including named Plaintiffs herein) to whose cellular telephones Defendants placed (or had placed on their behalf) a call through the use of any automatic dialing system or an artificial or prerecorded voice and said person had not previously provided express consent to receive such calls.

(ECF No. 1, ("Complaint"), ¶ 162.)

1

## STANDARD OF REVIEW

This Court may strike the class allegations of a complaint before the completion of discovery or the filing of a motion for class certification, pursuant to Fed. R. Civ. P. 12(f). In a putative class action case like this one, a Court should only grant a Rule 12(f) motion to strike class allegations if class treatment is evidently inappropriate from the face of the complaint. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011) (the court may determine class certification before discovery when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met"). "The dispositive question … is whether the complaint pleads the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id.*

2

## ARGUMENT & AUTHORITIES

This Court should strike and dismiss Plaintiffs' proposed class definition for two independent reasons. First, Plaintiffs' proposed definition is an impermissible "fail-safe" class which defines class membership in terms of legal injury. Second, the proposed class includes non-Pennsylvania residents whose injuries occurred outside Pennsylvania. Because personal jurisdiction is predicated upon specific personal jurisdiction, this Court has no jurisdiction to adjudicate these class members' claims. Although this latter defect is potentially correctible by amendment, the former is not. There are no objective criteria by which class membership may be determined. Determining class membership would require the Court as a threshold matter to conduct individual inquiries into each putative class member's consent and revocation. Accordingly, this Court should dismiss Plaintiffs' proposed class definition with prejudice.

## I.    The Class Allegations Should be Stricken Because Plaintiffs' Proposed Class Definition Creates an Impermissible Fail-Safe Class.

A class definition creates a fail-safe class when the class definition bases membership in the class on the validity of the plaintiff's claims.

*Zarichny v. Complete Payment Recovery Servs.*, 80 F.Supp.3d 610, 624 (E.D. Pa. 2015) ("A fail-safe class is one that defines its members by the plaintiff's liability – all individuals wronged by the defendant, in the classic formulation."). Stated differently, for a class definition to create a fail-safe class, the definition must be framed in terms of the defendant's ultimate liability or the central legal issue in the plaintiff's claims. *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012).

Fail-safe classes are problematic in part because the class definition requires a determination on the merits before members are identified, creating what the Supreme Court called "one-way intervention," *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). "[E]ither the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims." *Zarichny,* 80 F. Supp. 3d at 624. And although class actions are generally binding on absent class members, a fail-safe class "impermissibly skirts the bar of *res judicata.*" *Id.*

4

The existence of a "failsafe" class "constitute[s] an independent ground for denying class certification." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 U.S. Dist. LEXIS 63122 at *8-9 (S.D. Ohio May 7, 2014).[1] A "failsafe" class "is not only 'palpably unfair to the defendant'" [but] it is also unmanageable because it is unclear in such cases to whom class notice should be sent." *Taylor v. Universal Auto Grp. I, Inc.*, No. 3:13-cv-05245-KLS, 2014 U.S. Dist. LEXIS 164312, at *52 (W.D. Wash. Nov. 24, 2014).

Here, Plaintiffs proposed class is a classic fail-safe class because the class definition "mirrors the elements" of the TCPA alleged in the operative pleading. *See MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp.*, 404 F. Supp. 3d 470, 485 (D. Mass. 2019) (proposed class cannot be certified where definition mirrors elements of cause of action). Indeed, Plaintiffs' proposed class includes only those individuals who did not provide prior express consent to the Defendant's alleged use of an ATDS or prerecorded voice to contact those individuals' cellular telephones. (Complaint, ¶ 162). *See Dixon v.*

---

[1] In accordance with LR 7.8(a), copies of unpublished opinions are included as exhibits.

*Monterey Fin. Servs., Inc.*, 2016 U.S. Dist. LEXIS 111687, 2016 WL 4426908, at *1 (N.D. Cal. Aug. 22, 2016) (striking similarly worded TCPA class). Here, the statutory cause of action is embedded in the class definition itself. *See* 47 U.S.C. § 227(b)(1)(A) (identifying same three elements).

Accordingly, Plaintiffs' proposed class definition constitutes an impermissible fail-safe that cannot be certified. A multitude of district court decisions have come to this conclusion after interpreting nearly identical class definitions. *See, e.g., Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 U.S. Dist. LEXIS 186402, at *10-11 (C.D. Cal. Dec. 21, 2016); *Dixon*, 2016 U.S. Dist. LEXIS 111687 at *3 (finding nearly identical language in class definition constituted improper fail-safe class); *Zarichny*, 80 F.Supp.3d at 626 (same); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015) (same); *Sauter*, 2014 U.S. Dist. LEXIS 63122 at *8-9 ((same); *Lindsay Transmission, LLC v. Office Depot, Inc.*,2013 U.S. Dist. LEXIS 9554, 2013 WL 275568, at *5 (E.D. Mo. Jan. 24, 2013) (same).

## II.   Plaintiffs' Proposed Fail-Safe Class Improperly Seeks to Evade the Bar of Res Judicata.

Fail-safe classes must be proscribed because fail-safe classes create a res judicata problem where class members are not precluded from relitigating the same claims against the defendant. Because membership in a fail-safe class is contingent on the validity of the class members' claims against the defendant, class members held not to have valid claims against the defendant are defined out of the class and are not subject to the judgment of the court. Fail-safe classes thus violate res judicata by allowing class members to relitigate a claim that has been fully adjudicated against the defendant, such that a final judgment on the merits in favor of the defendant does not protect the defendant from liability against future claimants.

As the Sixth Circuit explained, fail-safe classes are improper because they "shield[] the putative class members from receiving an adverse judgment." *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). "Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Id.* Other Circuits are in accord. The First Circuit has noted that these classes are "inappropriate" as they make it "virtually

impossible for the Defendants to ever 'win' the case, with the intended

class preclusive effects." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 22

(1st Cir. 2015). *See, also, Kamar v. RadioShack Corp.*, 375 Fed. Appx.

734, 736 (9th Cir. April 14, 2010) (fail-safe classes are "palpably unfair

to the defendant" for precisely that reason.)

## III.   Plaintiffs' Proposed Fail-Safe Class Seeks to Improperly Reinstate the One-Way Intervention that the 1966 Amendment to Rule 23 was Designed to Abrogate.

Fail-safe classes such as this one must be barred from class

certification because allowing fail-safe classes to be certified reinstates

the one-way intervention that the 1966 amendment to Rule 23 was

designed to abrogate. *See, Allen v. Holiday Universal*, 249 F.R.D. 166,

175 (E.D. Pa. 2008) (finding that fail-safe classes violated the rule

against one-way intervention but that the proposed class was not fail-

safe).

Prior to the 1966 amendment to Rule 23, the binding effect of a

judgment in a class action depended on how the lawsuit was

characterized. Fed. R. Civ. P. 23 advisory committee's note (1966

amendment). A "true" class action involved "joint, common or secondary

rights," a "hybrid" class action involved "several" rights to "specific

property," and the "spurious" class action involved "several" rights affected by a common question and related to common relief. *Id.* A "spurious" class action bound only those parties before the court. *Id.* In a spurious class action, if there was a judgment for the class, class members could opt in to get relief from the court. *Id.* However, if there was an adverse judgment, the class members were not bound by the decision and were free to relitigate the claims. *Union Carbide & Carbon Corp. v. Nisley*, 300 F.2d 561, 588-89 (10th Cir. 1961) (characterizing spurious class actions as a permissive joinder device because such actions allowed the joinder of parties whose claims involve a common question of law or fact). By allowing class members in a spurious class action to only obtain the benefits of a favorable judgment, spurious class actions allowed for one-way intervention which undercut the central objectives of the class action device by failing to adjudicate the rights of nonparties.

Under the 1966 amendment, the court's judgment – whether or not favorable to the class – must include all individuals that the court finds to be class members. *See, Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n*, 814 F.2d 358, 364 (7th Cir. 1987) ("The revision of

Rule 23 in 1966 does away with one-way intervention in class actions…
Whether class members should get the benefit of a favorable judgment,
despite not being bound by an unfavorable judgment, was considered
and decided in 1966.").

Fail-safe classes thus violate the amendment by allowing class
members to benefit from a favorable judgment but to be defined out of
the class in the case of an adverse judgment. Plaintiffs' proposed fail-
safe class can be analogized to the spurious class actions the
amendment eliminated by removing the tripartite characterizations of
class actions. Much like the spurious class action in which class
members could intervene to receive the benefit of a favorable judgment
but were not bound by an adverse judgment, fail-safe class members are
only bound by a favorable judgment. *See, Zarichny,* 80 F.Supp.3d at 624
(fail-safe classes cannot be certified because they attempt to reinstate
the rule against one-way intervention); *Allen,* 249 F.R.D. at 175 (finding
that fail-safe classes violated the rule against one-way intervention but
that the proposed class was not fail-safe).

**IV.   Plaintiffs' Proposed Fail-Safe Class Should be Stricken Because it would Prevent Absent Class Members from Receiving Adequate Notice and Opting Out Prior to Final Judgment.**

Fail-safe classes prevent absent class members from receiving the requisite notice and ability to opt out of the class prior to final judgment, as required for classes certified under Rule 23(b)(3). *See Kamar,* 375 F. App'x at 736 (explaining that fail-safe classes were problematic because notice could not be directed to members of a fail-safe class); *Wanty v. Messerli & Kramer, P.A.*, No. 05-CV-0350, 2006 WL 2691076, at *3 (E.D. Wis. Sept. 19, 2006) (finding the class definition inadequate because the court wanted to avoid a final determination on the merits before the class members had the ability to opt out of the class). Because a fail-safe class definition is framed in terms of the defendant's ultimate liability, class members cannot be identified until there is a final determination on the merits. And if class members cannot be identified until a final judgment, then the absent class members cannot be provided with notice or the opportunity to opt out prior to that final judgment.

11

As one judge in the Eastern District of Pennsylvania recently explained in striking class allegations of a nearly identically worded class:

> The putative TCPA class is comprised of those people who received CPRS telephone calls without the recipient's "prior express consent," 47 U.S.C. § 227(b)(1)(A)(iii). Since we are at the outset of this litigation, there is no way to provide notice to that putative class without the sort of extensive fact-finding that class actions should avoid.

*Zarichny*, 80 F. Supp. 3d at 625-26. *See also Ubaldi v. SLM Corp.*, No. 11-01320 EDL, 2014 U.S. Dist. LEXIS 38587 at *6 (N.D. Cal. Mar. 24, 2014) (fail-safe class is "unmanageable because it is unclear in such cases to whom class notice should be sent") (citation omitted).

## V.   Plaintiffs' Proposed Fail-Safe Class Allegations Should be Stricken on the Independent Ground that Class Members Could Never be Ascertained Prior to Final Judgment.

It is axiomatic that for a class action to be certified a class must exist. Moreover, the Third Circuit has acknowledged that there is an ascertainability requirement for class certification. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012). The class definition provides the measuring stick against which all other requirements of Rule 23 are evaluated. *Robinson v. Gillespie*, 219 F.R.D. 179, 184 (D. Kan. 2003) ("Absent a cognizable class, determining whether Plaintiffs

or the putative class satisfy the other Rule 23(a) and (b) requirements is unnecessary.") (quoting *Davoll v. Webb*, 160 F.R.D. 142, 146 (D. Colo. 1995)).

The inability to ascertain class members constitutes an independent ground to strike Plaintiffs' class allegations. "The so-called 'fail safe' class is an aspect of ascertainability." *Eager v. Credit Bureau Collection Servs., Inc.,* No. 1:13-CV-173, 2014 WL 3534949, *4 (W.D. Mich. July 16, 2014). *See also Schonton v. MPA Granada Highlands LLC*, No. 16-cv-12151-DJC, 2019 U.S. Dist. LEXIS 56502, at *8-9 (D. Mass. Apr. 2, 2019) ("Plaintiffs' proposed class is a fail-safe class because membership presumes a valid legal claim. … Accordingly, the Court concludes that Plaintiffs have failed to make the initial showing of ascertainability.").

*See also Zarichny*, 80 F.Supp.3d at 625 ("[F]ail-safe classes [are] one category of classes failing to satisfy the ascertainability requirement.") (citing Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class Certification*, 81 Fordham L. Rev. 2769, 2782 (April 2013)); *Slapikas v. First Am. Title Ins. Co.*, 250 F.R.D. 232, 250-51 (W.D. Pa. 2008) (fail-safe class is problematic because existence of

13

class could not be ascertained until the conclusion of the case when liability is determined); *Dixon*, 2016 U.S. Dist. LEXIS 111687 at *1 (striking class allegations and explaining that proposed fail-safe class poses an issue with respect to whether the class is ascertainable as Rule 23 requires); *Pepka,* 2016 U.S. Dist. LEXIS 186402,at *6-7 (same) (collecting cases).

**VI.   Striking Plaintiffs' Class Allegations with Prejudice is Appropriate Here Because Individual Issues of Consent and Revocation will Necessarily Predominate, and No Amount of Discovery could Cure this Defect.**

The Third Circuit Court of Appeals has held that "[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." *Marcus,* 687 F.3d at 593. The Court further cautioned against approving a method "that would amount to no more than ascertaining by potential class members' say so." *Id.* at 594. Ascertainability, the Court explained, eliminates administrative burdens that are "incongruous with the efficiencies expected in a class action," protects absent class members by facilitating notice, and protects defendants "by ensuring that those persons who will be bound by the final judgment are clearly identifiable," *id.* at 593 (internal

citations omitted). If such ascertainability is not met based on objective criteria, the class definition must fail.

That is exactly the case here. Indeed, numerous courts have stricken similarly worded class allegations because individual issues of consent and revocation would necessarily predominate, forcing the court to conduct a series of mini-trials to determine each individual class member's entitlement to recovery. *See, for example, Zarichny*, 80 F. Supp. 3d at 625-26 (citing *Marcus* and striking nearly identically worded class allegations because "there is no way to provide notice to that putative class without the sort of extensive fact-finding that class actions should avoid."); *Dixon*, 2016 U.S. Dist. LEXIS 111687 at *1 (striking similarly worded class allegations); *Pepka*, 2016 U.S. Dist. LEXIS 186402 at *8 ("The proposed class cannot meet the requirements of Rule 23 because individualized issues of revoked consent would predominate in the litigation, and the class would constitute an impermissible fail-safe class."). *See also Forman v. Data Transfer*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) (finding that the "proposed class definition is untenable because "[d]etermining a membership in the

class would essentially require a mini-hearing on the merits of each case.").

The United States Judicial Panel on Multidistrict Litigation recently issued an order in a TCPA case that contained relevant guidance:

> [T]he amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involving in obtaining that plaintiff's consent, and the timing and circumstances surrounding revocation seems likely to be quite significant.

*In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig.*, No. MDL 2736, 220 F.Supp.3d 1363, 2016 U.S. Dist. LEXIS 138870, 2016 WL 5846029, at *1 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016).

Here, it would require the Court, as a threshold matter, to make individualized inquiries into each putative class member's lack of consent or validity of the same, or else risk including into the classes individuals with claims that differ from Plaintiff's or who have no valid claims under the TCPA. As explained above, courts have rejected class allegations that are equally insufficiently ascertainable.

Moreover, the TCPA "allows consent to be given orally, in writing, electronically, or by any other means, as long as the consent is expressly

given to the particular entity making the call." *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255 (11th Cir. 2014); 137 Cong. Rec. 30,822 (1991). And for political calls such as those at issue here, there is no statutory or regulatory requirement that defendants keep records of that consent. *See also Shamblin v. Obama*, No. 8:13-cv-2428-T-33TBM, 2015 U.S. Dist. LEXIS 54849, at *26-27 (M.D. Fla. Apr. 27, 2015) (denying certification because individual issues of consent will necessarily predominate).

"Serious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability *vel non*, turn upon highly individualized facts." *Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1235-36 (11th Cir. 2000).

The allegations here involve highly individualized inquiries regarding consent and revocation of consent. "The class cannot be certified given these issues, and because discovery would not cure this defect striking the class allegations is proper." *Pepka,* 2016 U.S. Dist. LEXIS 186402 at *10-11.

**VII.  In the Alternative, this Court Should Strike the Class Allegations Because this Court has No Personal Jurisdiction to Adjudicate the Claims of Non-Pennsylvania Residents Whose Injuries Occurred Outside Pennsylvania.**

Plaintiffs have alleged a nationwide class consisting of unnamed class members whose injuries occurred outside Pennsylvania. However, Plaintiffs assert that this Court has specific personal jurisdiction rather than general personal jurisdiction. (Complaint, ¶¶ 54, 55). Accordingly, this Court has no jurisdiction with respect to injuries of unnamed class members that occurred outside Pennsylvania. *See Inzillo v. Cont'l Plaza*, NO. 3:99-CV-0100, 2000 U.S. Dist. LEXIS 20103, at *6-7 (M.D. Pa. Nov. 27, 2000) (finding specific personal jurisdiction lacking because injury occurred outside Pennsylvania) (collecting cases).

To the extent Plaintiff argues that the existence of personal jurisdiction as to his individual claims confers personal jurisdiction as to the class allegations, the United States Supreme Court rejected this piggy-back approach to personal jurisdiction in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017). In a mass tort action, the Supreme Court held that there must be "a connection between the forum and the *specific claims* at issue" for personal jurisdiction to exist. *Id.* (emphasis added). Further, the Supreme Court

held that the "mere fact that *other* plaintiffs were prescribed, obtained, and ingested [a drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. The *Bristol-Myers* Court reversed the holding of the California Supreme Court, which would have permitted California courts to take jurisdiction over the claims of non-residents for tortious conduct occurring outside of California. *Id.*

*Bristol-Myers* is not limited to mass tort actions. Indeed, the Supreme Court relied on "'settled principles' of specific jurisdiction" that apply broadly, regardless of context. *See Roy v. FedEx Ground Package Sys., Inc.*, 2018 U.S. Dist. LEXIS 85288, at *26-27 (D. Mass. May 22, 2018) ("Given that the Fourteenth Amendment must be satisfied, the 'settled principles' of Fourteenth Amendment jurisprudence as articulated in *Bristol-Myers* apply.") (applying *Bristol-Myers* to Fair Labor Standards Act case).

Given the due process concerns articulated in *Bristol-Myers*, it could hardly be otherwise. "[U]se of the class device cannot abridge any substantive right," *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036,

19

1046 (2016), and one such right for defendants is that plaintiffs must have personal jurisdiction over them. Such personal jurisdiction is not a mere procedural gimmick but is instead part of a defendant's due process protections. *See Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16-cv-9281, 2018 U.S. Dist. LEXIS 120590, at *6-7 (N.D. Ill. July 19, 2018); *In re Dental Supplies Antitrust Litig.*, 16-cv-696, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y Sept. 20, 2017) ("The constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case.").

District courts considering the impact of *Bristol-Myers Squibb* confirm that it bars claims by out-of-state class members whose claims are based on specific jurisdiction – so too here. *See Bakov v. Consol. World Travel, Inc.*, 15-cv-2980, 2019 U.S. Dist. LEXIS 46510, at *39-42 (N.D. Ill. Mar. 21, 2019); *In re Dicamba Herbicides Litig.*, MDL 2820, 2019 U.S. Dist. LEXIS 20225, at *28-29 (E.D. Mo. 2019); *America's Health*, 2018 U.S. Dist. LEXIS 120590 at *5-11; *Horowitz v. AT&T, Inc.*, 17-cv-4827, 2018 U.S. Dist. LEXIS 69191, at *42-46 (D.N.J. April 25,

2018); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F.Supp.3d 845, 849-851 (N.D. Ohio 2018); *Wenokur v. AXA Equitable Life Ins. Co.*, 17-cv-165, 2017 U.S. Dist. LEXIS 162812, at *12 n.4 (D. Ariz. Oct. 2, 2017); *In re Dental Supplies*, 2017 U.S. Dist. LEXIS 153265 at *35-38.

In *McDonnell v. Nature's Way Products, LLC*, 2017 U.S. Dist. LEXIS 177892, at *4 (N.D. Ill. Oct. 26, 2017), the Court dismissed putative class claims on behalf of residents outside the forum state for lack of personal jurisdiction because the products at issue were purchased out-of-state, any alleged injury occurred out-of-state, and the only connection to the forum state was the named plaintiff's purchase of the product. The Court noted that "[a]lthough these individuals are not named plaintiffs, the analysis used in *Bristol-Myers Squibb Co.* is instructive in considering whether the Court has personal jurisdiction over the claims McDonnell asserts on their behalf against Nature's Way." *Id.*; *see also Wenokur*, 2017 U.S. Dist. LEXIS 162812 at *4 n.4 (court lacked personal jurisdiction over contract dispute concerning increase in cost of life insurance rates for putative class members with no connection to Arizona); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947, at *2 (N.D. Ill. Jan. 18, 2018) ("The Court

believes that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb t*o outlaw nationwide class actions in a form, such as in this case, where there is no general jurisdiction over the Defendants.").

Accordingly, this Court should strike Plaintiffs' proposed class because it includes non-Pennsylvania residents whose injuries occurred outside Pennsylvania, and this Court has no personal jurisdiction to adjudicate these claims.

## CONCLUSION

This Court should strike and dismiss Plaintiffs' class allegations with prejudice.

Respectfully submitted on January 21, 2022.

**THE BERNHOFT LAW FIRM, S.C.**
Attorneys for the Defendants

 /s/ Thomas E. Kimble
Thomas E. Kimble, Esq.
Illinois Bar No. 6257935
1402 E. Cesar Chavez Street
Austin, Texas 78702
(512) 582-2100 telephone
(512) 373-3159 facsimile
tekimble@bernhoftlaw.com
Appearing *pro hac vice*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word count requirements of L.R. 7.8(b)(2). This brief contains 4,095 words. I used the Microsoft Word's word count feature to calculate the number of words in this brief, excluding the caption, tables, signature block, and certificates from the count.

    /s/ Thomas Kimble
Thomas Kimble

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, service was made on the Plaintiff through Counsel of Record using the Court's ECF service.

    /s/ Thomas Kimble
Thomas Kimble