
Positive
As of: January 1, 2022 5:27 PM Z

# Inzillo v. Continental Plaza

United States District Court for the Middle District of Pennsylvania

November 27, 2000, Decided ; November 27, 2000, Filed

NO. 3:99-CV-0100

**Reporter**
2000 U.S. Dist. LEXIS 20103 *; 2000 WL 1752121

LOUIS INZILLO, Plaintiff v. THE CONTINENTAL PLAZA, Defendant

**Disposition: [*1]** Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(2) [6-1] GRANTED.

## Core Terms

personal jurisdiction, advertisements, resort, instant case, residents, travel agency, general jurisdiction, newspapers, contacts, toll-free, hotel, non-resident, travel agent, no evidence, commissions, alleges, cases, district court, forum state, argues

## Case Summary

**Procedural Posture**
Plaintiff sued defendant hotel for an injury that occurred at the hotel. Defendant filed a renewed motion to dismiss for lack of personal jurisdiction.

**Overview**
Plaintiff allegedly sustained injuries when he slipped and fell at defendant hotel in Mexico. The court granted defendant's motion to dismiss plaintiff's suit for lack of personal jurisdiction. Plaintiff was unable to assert specific jurisdiction over defendant because the cause of action, the alleged negligent conduct of defendant, took place at defendant's resort in Mexico, not in Pennsylvania. The injury did not arise out of or was not related to defendant's forum contacts. Plaintiffs also failed to demonstrate that general jurisdiction existed over defendant because plaintiff did not demonstrate that defendant maintained continuous and substantial relations with Pennsylvania. The court rejected plaintiff's arguments for a finding of jurisdiction based upon (1) advertisements placed in Pennsylvania newspapers by travel agents that mentioned defendant, (2) defendant's payments to two travel agents in Pennsylvania, (3) numerous Pennsylvania residents that stayed at defendant's resort, and (4) a national toll-free number provided by defendant.

Exhibit A

**Outcome**

Defendant's motion to dismiss was granted because plaintiff failed to demonstrate specific or general jurisdiction over defendant.

**LexisNexis® Headnotes**

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

*HN1*[🔽]  **In Rem & Personal Jurisdiction, In Personam Actions**

Once a defendant has properly raised a jurisdictional defense, the plaintiff then bears the burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction.

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > General Overview

Civil Procedure > ... > Jurisdiction > In Rem & Personal Jurisdiction > General Overview

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

*HN2*[🔽]  **Jurisdiction, Jurisdictional Sources**

Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located. Fed. R. Civ. P. 4(e). In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction "comports with" the due process clause of U.S. Const. amend. XIV.

Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > General Overview

Civil Procedure > ... > Jurisdiction > In Rem & Personal Jurisdiction > General Overview

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

### HN3[ ] Jurisdiction, Jurisdictional Sources

Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5301 et seq., permits a court to exercise personal jurisdiction over nonresident defendants to the fullest extent allowed under the Constitution of the United States. 42 Pa. Cons. Stat. Ann. § 5322(b). Pennsylvania law allows district courts to assert personal jurisdiction over defendants as long as it does not violate the due process clause of U.S. Const. amend. XIV.

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Jurisdiction > In Rem & Personal Jurisdiction > General Overview

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

### HN4[ ] Subject Matter Jurisdiction, Jurisdiction Over Actions

Personal jurisdiction over a nonresident defendant can be asserted in two different ways: general or specific jurisdiction. Specific jurisdiction arises from the defendant's forum related activities. To prove specific jurisdiction, a plaintiff must show that the defendant has minimum contacts with the state such that the defendant should reasonably anticipate being haled into court there. General jurisdiction applies where plaintiff's claim arises from defendant's non-forum related activities. Under Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5301 et seq., to establish general personal jurisdiction a plaintiff must show that the defendant maintains a continuous and systematic part of its general business in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5301(a)(2)(iii).

> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Challenges
>
> Evidence > Inferences & Presumptions > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

### HN5[ ] In Personam Actions, Challenges

Once a defendant has properly raised an objection to personal jurisdiction, the plaintiff bears the burden of proving sufficient contact with the forum state to establish jurisdiction.

> Civil Procedure > ... > Jurisdiction > Jurisdictional Sources > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

### HN6[ ] Jurisdiction, Jurisdictional Sources

A federal court may only exercise specific jurisdiction over a non-resident plaintiff if the plaintiff's cause of action arose from the defendant's forum-related activities and the defendant has the required minimum contacts with the forum state.

> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts
>
> Torts > ... > Types of Premises > Recreational Facilities > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

### HN7[ ] In Personam Actions, Minimum Contacts

Exhibit A

Specific jurisdiction requires that the alleged injury arise from the defendant's forum-related activities.

> Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview
>
> Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

**HN8**[ ]  **Subject Matter Jurisdiction, Jurisdiction Over Actions**

Paying travel agents who book customers a commission does not establish general jurisdiction.

> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Substantial Contacts
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

**HN9**[ ]  **In Personam Actions, Substantial Contacts**

A defendant's maintenance of a national toll-free number is not a significant forum contact.

> Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview
>
> Civil Procedure > ... > Jurisdiction > In Rem & Personal Jurisdiction > General Overview
>
> Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

**HN10**[ ]  **Jurisdiction, Subject Matter Jurisdiction**

A nonresident corporation may subject itself to general personal jurisdiction through substantial promotional activities in the forum.

**Counsel:** For LOUIS INZILLO, plaintiff: Michael P. Perry, O'Malley & Harris, P.C., Scranton, PA.

For THE CONTINENTAL PLAZA, defendant: John C. Sullivan, Post & Schell, P. C., Harrisburg, PA.

For THE CONTINENTAL PLAZA, defendant: Jonathan C. Deisher, Post & Schell, P.C., Allentown, PA.

**Judges:** JUDGE JAMES M. MUNLEY, United States District Court.

**Opinion by:** JAMES M. MUNLEY

**Opinion**

*MEMORANDUM*

Before the court for disposition is the defendant's renewed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The parties in this action are the plaintiff, Louis Inzillo, and the defendant, the Continental Plaza. On January 19, 1999, the plaintiff filed a complaint against the defendant for an injury that occurred at the defendant hotel. For the following reasons, defendant's motion to dismiss will be granted.

**Background**

On June 5, 1997, the plaintiff allegedly sustained injuries when he slipped and fell at the Continental Plaza in Cancun, Mexico. The plaintiff alleges that he was a business invitee of the defendant and that he slipped and fell while crossing **[*2]** a foot bridge. The plaintiff asserts that the defendant was negligent, and argues that the accident occurred because of irregularities in the foot bridge and due to a lack of handrails on the bridge. Compl. P 5. The defendant alleges that the defendant does no business in Pennsylvania, is not licensed to do business in Pennsylvania, has never issued a certificate of authority to do business as a foreign corporation in Pennsylvania, and does no advertising in Pennsylvania. The discovery did reveal that a Pennsylvania travel agency paid for and placed an advertisement in a Pennsylvania newspaper that mentioned the defendant.

On June 24, 1999, the defendant filed a motion to dismiss under Rule 12(b)(2), which this court denied, without prejudice, permitting the plaintiff an opportunity to conduct discovery only on the issue of jurisdiction. After discovery was conducted, the defendant filed a renewed motion to dismiss and a supporting memorandum. The plaintiff filed a brief in opposition, the defendant filed a reply brief and an oral argument was then held. The motion is therefore ripe for disposition.

**Discussion**

The defendant filed its motion to dismiss pursuant to Federal **[*3]** Rules of Civil Procedure 12(b)(2). **HN1**[⬆] Once a defendant has properly raised a jurisdictional defense, the plaintiff then bears the burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *North Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 689 (3d Cir.) (per curiam) cert. denied 498 U.S. 847, 112 L. Ed. 2d 101, 111 S. Ct. 133 (1990); *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264 (E.D.Pa. 1991).

**HN2**[⬆] Under the Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located. Fed.R.Civ.P. 4(e); *North Penn Gas*, 897 F.2d at 689. In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction "comports with" the due process clause of the Fourteenth Amendment to the Constitution.

**HN3**[⬆] Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.*, permits **[*4]** a court to exercise personal jurisdiction over nonresident defendants "to the fullest extent allowed under the Constitution of the United States . . . ." 42 Pa.C.S.A. § 5322(b). Pennsylvania law allows district courts to assert personal jurisdiction over defendants as long as it does not violate the due process clause of the Fourteenth Amendment. *See Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

**HN4**[⬆] Personal jurisdiction over a nonresident defendant can be asserted in two different ways: general or specific jurisdiction. *See Jaffe v. Julien*, 754 F. Supp. 49, 52 (E.D.Pa. 1991). Specific jurisdiction arises from the defendant's forum related activities. *See North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 (3d Cir.), cert denied, 498 U.S. 847, 112 L. Ed. 2d 101, 111 S. Ct. 133 (1990). To prove specific jurisdiction, "a plaintiff must show that the defendant has minimum contacts with the state 'such that the defendant should reasonably anticipate being haled into court there.'" *Id.* at 690 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)); **[*5]** *see also* 42 Pa.C.S.A. § 53322(b).

General jurisdiction applies where plaintiff's claim arises from defendant's non-forum related activities. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985). Under Pennsylvania's long-arm statute, to establish general personal jurisdiction a plaintiff must show that the defendant maintains "a continuous and systematic part of its general business in Pennsylvania." 42 Pa.C.S.A. § 5301(a)(2)(iii); *see*

Case 1:21-cv-01668-CCC   Document 50-2   Filed 05/26/22   Page 8 of 14

Page 8 of 14
2000 U.S. Dist. LEXIS 20103, *5

*also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).

*HN5*[↑] Once a defendant has properly raised an objection to personal jurisdiction, the plaintiff bears the burden of proving sufficient contact with the forum state to establish jurisdiction. *See Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 265 (E.D.Pa. 1991). We find that the plaintiff has not met that burden in the instant case.

**A. Specific Jurisdiction**

Plaintiff argues that the court has specific jurisdiction on the basis that the defendant availed itself of the privilege of acting within Pennsylvania by taking such actions **[*6]** as paying commissions to travel agencies and advertising through newspapers and travel agencies in the state.[1]

As we have noted above, *HN6*[↑] a federal court may only exercise specific jurisdiction over a non-resident plaintiff, if the plaintiff's cause of action arose from the defendant's forum-related activities and the defendant has the required minimum contacts with the forum state. *Brandon v. Belmont Motel Corp.*, 1990 U.S. Dist. LEXIS 7959, 1990 WL 990123 (E.D.Pa). In the instant case, we find that the plaintiff is unable to assert specific jurisdiction over the defendant, because the cause of action, the alleged negligent conduct of the defendant took place at the defendant's resort in Mexico. Courts have found that *HN7*[↑] specific jurisdiction requires that the alleged injury arise from the defendant's forum-related activities. **[*7]** *Wims*, 759 F. Supp. at 266.

In the instant case, the alleged negligent conduct did not take place in Pennsylvania. The plaintiff, however, argues that the fact that the plaintiff paid commissions to travel agencies and that there were advertisements in Pennsylvania newspapers should be enough to establish specific jurisdiction. We find that the plaintiffs have not supported this assertion with sufficient case law. In addition, the causal link between the defendant's activities in Pennsylvania and the injury is too attenuated to say that the injury in Mexico arose from the defendant's activities in the Commonwealth of Pennsylvania. *See e.g. Annone v. Astwood Cycles Scooter Rentals*, 1993 U.S. Dist. LEXIS 4946, 1993 WL 89160, *4 (E.D.Pa.).

In *Johnson v. Summa Corp.*, a Pennsylvania resident who was injured at a Nevada hotel brought suit in federal court in Pennsylvania. The court ruled that the plaintiff's claim did not arise from the defendant's advertising and maintenance of a toll free telephone number. *Johnson*, 632 F. Supp. 122 (E.D.Pa. 1985).

---

[1] Plaintiff raised the issue of specific jurisdiction for the first time at oral argument. In briefs previously submitted to the court he never explicitly argued that specific jurisdiction existed.

During oral argument, plaintiff relied on *Busch v. Sea World of Ohio*, for the proposition that an out of state **[*8]** injury can arise from advertising in the forum state. *Busch*, 95 F.R.D. 336 (W.D.Pa. 1982). We find, however, that *Busch* is factually distinguishable from the instant case. The court in *Busch* emphasized the extensive nature of the defendant's advertising directed specifically towards Pennsylvania residents. *Id.* at 340. The advertising in *Busch*, was much more extensive than the instant situation. The *Busch* case involved promotional campaigns: television, radio, and newspaper advertisements, and the expenditure of large amounts of money. *Id.* at 339. Moreover, the plaintiffs in *Busch*, made use of discount coupons by the defendant in Pennsylvania as part of a promotional campaign. *Id.* at 340.

In contrast, the activities by the defendant in the instant case were almost nonexistent. They consisted of a national toll-free telephone number and two advertisements placed by a local travel agency that mention the defendant along with over twenty other resorts and hotels. [2] The defendant's activities are not as clearly aimed at inducing Pennsylvania residents to travel to its resort as were those of the defendant **[*9]** in *Busch. Id.* Therefore, we find that specific jurisdiction cannot be established. The connection between the plaintiff's injury and the defendant's activities in Pennsylvania is too attenuated to conclude that the injury arose out of or was related to the defendant's forum contacts such that personal jurisdiction can be asserted over the defendant.

**B. General Jurisdiction**

We find that the plaintiffs have also failed to demonstrate that general jurisdiction exists over the defendant. The plaintiff has not demonstrated that the defendant resort maintained continuous and substantial relations with the Commonwealth of Pennsylvania.

Many of the factors that typically support the exercise of general personal jurisdiction are absent in this case. The defendant **[*10]** has never been licensed to do business in Pennsylvania and has never owned real property or maintained a place of business in the Commonwealth. No evidence has been presented that the defendant has ever employed an agent, maintained a mailing address, maintained a bank account or paid any tax in Pennsylvania. *See Feinzig v. Doyon Servs., Inc.*, 1998 U.S. Dist. LEXIS 5419, 1998 WL 254973 (E.D.Pa.).

The plaintiff nevertheless presents several reasons why he believes that the court can exercise personal jurisdiction over the defendant resort. The plaintiff alleges that 1) the defendant resort paid commissions of $ 171.50 to travel agencies located within

---

[2] The plaintiff presents evidence of one newspaper advertisement and a sign mentioning the defendant resort that was placed in front of a travel agency in Pennsylvania. The defendant alleges that it was not aware of either of these advertisements.

Pennsylvania; 2) advertisements were placed in Pennsylvania newspapers regarding the defendant resort (the plaintiff presents two advertisements with its exhibits); 3) several Pennsylvania residents traveled to Mexico and stayed at the defendant resort; and 4) the defendant provided a toll-free number in this country.

In response to these arguments, the defendant cited several cases that it claims stand for the proposition that the defendant's arguments are not sufficient to support a finding of general jurisdiction in the instant case. We agree **[*11]** with the defendant's arguments and find that many of the factors that typically support the exercise of general jurisdiction are not present in this case. Based on the information presented along with the briefs, we find that there is no evidence that the defendant itself advertised in any newspapers, magazines, or other publications sold or distributed in Pennsylvania, has ever employed an agent, maintained a mailing address, maintained a bank account or paid any tax in Pennsylvania.

The plaintiff argues, that nevertheless the court still has jurisdiction. In order to support a finding of personal jurisdiction in this case, the plaintiff relies on four arguments. First, the plaintiff argues that personal jurisdiction should be exercised because two advertisements were placed in Pennsylvania newspapers by local travel agencies that referred to the defendant resort. ³ After performing discovery on the issue of personal jurisdiction, the plaintiff is able to allege that there were only two advertisements placed in the entire Commonwealth by travel agencies.

**[*12]** In oral argument the plaintiff stated that although there is only evidence presented of one or two advertisements, it should be assumed that there were many other advertisements out there. We cannot make such an assumption. Additionally, the plaintiff does not allege that the defendant resort ever placed any advertisements in Pennsylvania newspapers. The defendant states that it "had absolutely nothing to do with the preparation and design of these advertisements," and that it did not pay for the advertisements or know when and where the advertisements would be placed. Pl. Supp. Brief at 2.

Cases in Pennsylvania have held that advertisements, such as the ones in the instant case, are not sufficient to support a finding of personal jurisdiction. In *Donisi v. Nassau Beach Hotel, et al.*, 1990 U.S. Dist. LEXIS 15676, the court found that where a non-resident resort provided travel agents with brochures and room rates, and then those travel agents advertised these tourist packages in local newspapers, that general jurisdiction has *not* been established over that non-resident hotel. ⁴ *Donisi*, 1990 WL 181497, *2 (E.D.Pa.); *see also McAuliffe v. Westbrooke Hospitality Corp.*, 1994 U.S. Dist. LEXIS 11949, 1994 WL 463408 **[*13]** (E.D.Pa.) (finding that a national toll free number, a listing in a national

---

³ The advertisement attached to plaintiff's brief in opposition to the supplemental motion to dismiss, is a large advertisement that mentions over twenty hotels and resorts. It is not an advertisement dealing solely with the defendant.

⁴ In *Donisi*, as in the instant case, the defendant resort paid a commission to travel agents. *Donisi*, 1990 WL 181497, *2.

directory, and benefits from Holiday Inn advertisements in Pennsylvania newspapers were not sufficient to establish personal jurisdiction over a hotel in Colorado). We find that the plaintiff has produced no evidence that the defendant resort in the instant case even knew that it was mentioned in any of the travel agency's advertisements. In *Donisi*, the court found that there was no personal jurisdiction based on the fact that the travel agents placed advertisements without the knowledge of the hotel. *Donisi*, 1990 WL 181497, *2.

In addition, the plaintiff only provided evidence of two advertisements in Pennsylvania. In the cases that the plaintiff cites to support its argument, the advertisements and total amount of activities in Pennsylvania were much more extensive. **[*14]** *See e.g. Gavigan v. Walt Disney Productions*, 646 F. Supp. 786 (E.D.Pa. 1986) (finding that general jurisdiction could be exercised over out-of-state theme park where defendant initiated a promotional campaign, which resulted in television advertising and local print advertising, including a four page advertisement in the Philadelphia Enquirer, and sent its emissary, Mickey Mouse, to Philadelphia to bestow honorary Disney World citizenship upon Philadelphia mayor). Therefore, we find that the existence of the two advertisements of the local travel agents in the instant case that mention the defendant do not support a finding of general jurisdiction.

The plaintiff also alleges that the court should exercise personal jurisdiction because of the fact that the defendant resort paid commissions to travel agencies located within Pennsylvania. 5 This, however, is not a basis for exercising personal jurisdiction. In *Cooperman v. Island Hotel Company, LTD.*, 1991 U.S. Dist. LEXIS 10283 the court found that *HN8*[⬆] paying travel agents who book customers a commission does not establish general jurisdiction. *Cooperman*, 1991 WL 147493 (E.D.Pa.). The *Cooperman* case, involved a factual scenario **[*15]** very similar to the instant case. In *Cooperman*, a person was injured at a foreign hotel in another country and then filed a negligence claim in Pennsylvania. The plaintiff in that case, as in the instant one, claimed that the payment of commissions to travel agents should help to support a finding of personal jurisdiction. The court in *Cooperman* found that, "Such agents are not employees or agents of the defendant, and the bare fact that such a business arrangement exists is insufficient to prove that defendant has 'continuous and systematic' contacts with this forum." *Id.* at *1. Therefore, as was the case in *Cooperman*, in the instant case, we find that paying $ 171.50 in commissions to two travel agents is clearly insufficient to establish personal jurisdiction over the defendant.

---

5 After discovery was performed regarding the issue of personal jurisdiction, the evidence presented to this court only demonstrates evidence of $ 171.50 in commissions paid to Pennsylvania travel agencies. Pl. Oppos. Brief, Exhibit B.

 **[*16]** The plaintiff also alleges that personal jurisdiction should be exercised because several Pennsylvania residents traveled to Mexico and stayed at the defendant resort.[6] The plaintiff claims that the defendant should have reasonably foreseen that its actions with the Pennsylvania residents could have consequences in Pennsylvania. However, the mere fact that a substantial number of the guests at the resort were Pennsylvania residents does not in and of itself establish that the resort maintained substantial and continuous contacts with Pennsylvania. *See Wims*, 759 F. Supp. at 269-70; *see also Provident National Bank v. California Federal Savings & Loan Ass'n*, 819 F.2d 434, 438 (3d Cir. 1987) (finding that absolute amount of customers of the defendant in Pennsylvania is not persuasive proof of substantial "continuous and systematic" activity, and that the size of the percentage of defendant's total business represented by its Pennsylvania contacts is generally irrelevant to the issue of personal jurisdiction).

 **[*17]** The observation of the Court in Brandon is equally applicable in this case: if defendant['s] promotional activities aimed at attracting out-of-state guests in general were sufficient to enable this court to exercise personal jurisdiction over defendant in this case, defendant would be potentially subject to personal jurisdiction in every state where [its] guests reside, even if defendant made no efforts to specifically target [its] advertising toward residents of those states. *Brandon*, 1990 WL 90123 at *5. We therefore find that the fact that there were 8,000 customers who patronized the defendant resort over a five year period is not sufficient to demonstrate that personal jurisdiction exists.

Lastly, the plaintiff alleges that the defendant also provided a toll-free number within Pennsylvania and alleges that should establish personal jurisdiction.[7] Several courts within this circuit have found that **HN9**[⬆] a defendant's maintenance of a national toll-free number is not a significant forum contact. *See Feinzig*, 1998 WL 254973, *4; *Cooperman*, 1991 WL 147493, *1; *Johnson*, 632 F. Supp. at 122; *McAuliffe*, 1994 WL 463408, **[*18]** *4, *5; *Brandon*, 1990 WL 90123, *4 ("although [the motel] maintained a national toll-free number for making reservations, it was not for the exclusive use of Pennsylvania residents"). There is no evidence presented that the toll-free number was listed in any Pennsylvania directory or that it was intended solely for the use of Pennsylvania residents. There is also no evidence that Pennsylvania residents regularly used the number.

---

[6] In its Supplemental Brief in Opposition, the plaintiff states that from 1992 through 1998 there were a total of 8,000 Pennsylvania residents who patronized the resort. The plaintiff does not, however, state what percentage of the total number of customers were Pennsylvania residents. This is the method by which courts have addressed this issue. In *Wims*, the court found that personal jurisdiction did *not* exist even where twenty-five to twenty-seven percent of the motor inn's guests for the preceding year were Pennsylvania residents. *Wims*, 759 F. Supp. at 269-70. The record contains no evidence that similar percentage of the guests in the instant case were residents of Pennsylvania.

[7] It is not clear whether there is sufficient evidence to demonstrate that there was a toll-free number, but the Plaintiff's Brief in Opposition to the Supplemental Motion to Dismiss and Defendant's Motion for Dismissal provides evidence demonstrating that there might have been a nationwide toll free number for the defendant resort. (There is no evidence nor any allegation in any of the briefs that there was a telephone listing in Pennsylvania). Therefore, we will address the effect of having such a nationwide toll-free telephone number on the determination of personal jurisdiction.

Exhibit A

Therefore, we find that the fact that the defendants may have maintained a national toll-free number is insignificant when determining whether general jurisdiction exists.

[*19] When the fact situation presented in the instant case is directly compared to other personal jurisdiction cases, it is clear that personal jurisdiction does not exist here. Several district courts sitting within the Third Circuit have refused to assert general personal jurisdiction over defendants who have had greater contacts with Pennsylvania than the defendant in this case. In *Johnson v. Summa Corp.*, for example, the plaintiff, a Pennsylvania resident, was injured while a guest at defendant's Nevada hotel, and proceeded to bring suit in a Pennsylvania federal court to recover for his injuries. *Johnson*, 632 F. Supp. at 123-24.

The court in that case *refused* to assert personal jurisdiction and held that the defendant's contacts with Pennsylvania did not meet the "extensive and pervasive" standard, even though the defendant maintained a toll-free number in Pennsylvania, mailed a brochure directly to the Pennsylvania plaintiff, and distributed promotional materials to a Philadelphia travel agency. *Id.* at 126. The court in *Johnson* ultimately determined that it could not exercise personal jurisdiction. *Id.* In the instant case, the actions [*20] taken by the defendant resort were similar to the *Johnson* case. The defendant in this case did maintain a national toll-free number and the plaintiffs allege that the defendant paid commissions to Pennsylvania travel agencies and that those travel agencies placed some advertisements mentioning the defendant resort in certain Pennsylvania papers. Unlike the *Johnson* case, however, there is no evidence presented in this case that the defendant resort ever mailed a brochure directly to the plaintiff or any Pennsylvania residents. There is also no evidence presented that the defendant was distributing their promotional materials to Pennsylvania travel agencies. It appears, therefore, that there are even less contacts in the instant case than there were in *Johnson*, where the court found that personal jurisdiction did not exist.

In their brief, the plaintiff does correctly note that *HN10*[⬆] a nonresident corporation may subject itself to general personal jurisdiction through substantial promotional activities in the forum. The plaintiff cited cases that found that certain promotional activity could result in the presence of general jurisdiction over a non-resident defendant in a personal [*21] injury. We find that the cases cited by the plaintiff, however, involved much more contact between the defendant and the forum state than that involved in the instant case. In *Gavigan v. Walt Disney Productions*, the defendant participated in promotional activity with a local hotel and department store, and purchased substantial local television and print advertising, and even sent representatives to Pennsylvania for a promotional campaign. *Gavigan*, 646 F. Supp. at 786.

In *Cresswell v. Walt Disney Productions*, the court held that general jurisdiction existed in an action for a personal injury that occurred outside of Pennsylvania, where the defendant

engaged in extensive promotional and advertising activities in Pennsylvania, maintained a toll free telephone number in Pennsylvania, had entered into at least two joint ventures with Pennsylvania entities, and representatives of the defendant made several visits to Pennsylvania. *Cresswell*, 677 F. Supp. 284 (M.D.Pa. 1987). We find the instant case to be much more similar to *Johnson* than to *Creswell* and *Gavigan*. The actions taken by the defendant in this cases can hardly be considered **[*22]** "extensive and pervasive" contact.

## Conclusion

We find that the plaintiff has not sufficiently demonstrated that personal jurisdiction exists in the instant case. The activity of the defendant resort does not begin to approach the standards of "continuous and substantial." In addition, the plaintiff has not demonstrated that specific jurisdiction exists. Therefore, for all of the above-mentioned reasons, we will grant the defendant's motion to dismiss under Rule 12(b)(2) as we find that there is a lack of personal jurisdiction. An appropriate order follows.

## *ORDER*

**AND NOW**, to wit, this 27th day of November 2000, it is hereby **ORDERED** that:

1) Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(2) [6-1] is **GRANTED**.

2) The Clerk of Court is directed to close this file.

**BY THE COURT:**

**JUDGE JAMES M. MUNLEY**

**United States District Court**

---

**End of Document**