## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SHOEMAKER, RICHARD GINDIN**, **DEMYA JOHNSON**, **KIMBERLY STARLING,** and **MATTHEW MCCORMICK**, individually and on behalf of all others similarly situated, | CASE NO. 1:21-cv-01668-CCC |
| | **Judge Christopher C. Conner** |
| *Plaintiffs*, | **Electronically Filed** |
| v. | |
| **RICHARD ZEITLIN, AMERICAN TECHNOLOGY SERVICES, LLC**, **UNIFIED DATA SERVICES, LLC**, **COMPLIANCE CONSULTANTS, LLC**, and **JOHN DOES 1-10**, corporate entities and individuals presently unknown, | |
| *Defendants*. | |

### <u>DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

Defendants Richard Zeitlin; American Technology Services, LLC; Unified Data Services, LLC: and Compliance Consultants, LLC,  ("Defendants"), by and through undersigned counsel, submits the following Answer to Plaintiffs' First Amended Complaint, (ECF 33), ("Amended Complaint"). Defendants deny all allegations in the Amended Complaint that they do not expressly admit in this Answer. Defendants deny any and all allegations contained in the headings, footnotes, and unnumbered paragraphs

1

in the Amended Complaint. Defendants further deny that they negligently or willfully violated any law, either individually or collectively, with any other individual or entity. In addition, Defendants assert that all allegations pertaining to Plaintiffs Demya Johnson; Richard Starling; and Matthew McCormick have been mooted by the Court's June 5, 2023 Order, (ECF 52), which expressly dismissed each of these Plaintiffs from the action.

Where an allegation refers to a document, the document speaks for itself.  To the extent the allegation is inconsistent with the document, it is denied.

Where an allegation states a legal conclusion, no response is required. To the extent that a response is required and the allegation is not expressly denied, it is denied to the extent the conclusion is contrary to law.

Where Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation, the allegation is denied.

Defendants respond to the specific allegations in the enumerated paragraphs in the Amended Complaint as follows:

## **BACKGROUND**

### **Introduction**

1.      The allegations in paragraph 1 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 1 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

2.      The allegations in paragraph 2 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 2 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

3.      The allegations in paragraph 3 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 3 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint

4.      Denied.

5.      Denied.

6.      Denied.

7.      The allegations in paragraph 7 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 7 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

8.      Defendants admit that this lawsuit is brought under the TCPA and filed as a class action. Defendants deny that any violation of the TCPA occurred. Defendants further deny that this this matter may properly be maintained against Defendants as a class action.

**The Telephone Consumer Protection Act**

9.      The allegations in paragraph 9 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 9 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

10.     The allegations in paragraph 10 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 10 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

11.     The allegations in paragraph 11 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 11 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

12.     The allegations in paragraph 12 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 12 are contrary to law, they are denied. Defendants further deny they violated any of the statutory provisions identified in the Amended Complaint.

13.     The allegations in paragraph 13 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 13 are contrary

to law, they are denied. Defendants further deny they violated any of the statutory provisions identified in the Amended Complaint.

14.     The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent that the allegations in paragraph 14 are contrary to law, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

**Soundboard Technology**

15.     The allegations in paragraph 15 state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

16.     Paragraph 16 contains a description of soundboard technology. Defendants deny that this description is accurate.

17.     Paragraph 17 contains a description of soundboard technology. Defendants deny that this description is accurate.

18.     The allegations in paragraph 18 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

19.     The allegations in paragraph 19 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

20.     Paragraph 20 contains a description of soundboard technology. Defendants deny that this description is accurate.

21.     Defendants deny that the use of soundboard technology is per se illegal under any and all circumstances. Defendants further deny that the Zeitlin Companies utilize soundboard technology in any manner prohibited by law.

22.     The allegations in paragraph 22 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

23.     The allegations in paragraph 23 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

24.     The allegations in paragraph 24 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

25.     The allegations in paragraph 25 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

26.     The allegations in paragraph 26 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

27.     The allegations in paragraph 27 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

28.     The allegations in paragraph 28 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document. Defendants deny that the use of soundboard technology is per se illegal under any and all circumstances. Defendants further deny that the Zeitlin Companies utilize soundboard technology in any manner prohibited by law.

**The Scheme**

29.     Defendants deny that the Zeitlin Companies have partnered with any of the PACs listed in paragraph 29. Defendants further deny that the PACs listed in this paragraph are Scam PACs. Finally, Defendants deny that these PACs or their treasurers illegally solicit donations.

30.     Denied.

31.     Paragraph 31 refers to a document that speaks for itself.  All other allegations in this paragraph are denied.

32.     Denied.

33.     Denied.

34.     Defendants deny that the PACs are Scam PACs. Defendants further deny that the Zeitlin Companies are involved in a scheme.

35.     Defendants deny that Oliver Cappleman runs Scam PACs. Defendants further deny the Zeitlin Companies have partnered with any of Cappleman's PACs.

36.     Paragraph 36 refers to a language taken from a website that speaks for itself. All other allegations in this paragraph are denied.

37.     Paragraph 37 refers to documents that speak for themselves. To the extent that a response is required, the allegations are denied. Defendants further deny that the Zeitlin Companies are involved in a scheme.

38.     Defendants deny that William and Kecia Pollack run Scam PACs. Defendants further deny that the Zeitlin Companies have partnered with any of the PACs run by William and Kecia Pollack.

39.     Paragraph 39 refers to documents that speak for themselves. To the extent a response is required, the allegations are denied. Defendants further deny that the Zeitlin Companies are involved in a scheme.

40.     Defendants deny Mrs. Pollack is involved in a Scam PAC. Defendants further deny that Mr. Pollack exploits his position police officer. Finally, Defendants deny that the Pollacks are involved in any scheme.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants deny that any of the PACs are Scam PACs.  The remainder of the paragraph states a conclusion of law to which no response is required.

46.     Paragraph 46 refers to a document that speaks for itself.

47.     Paragraph 47 refers to a document that speaks for itself.

48.     Paragraph 48 refers to a document that speaks for itself.

49.     Paragraph 49 refers to a document that speaks for itself.

50.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and, therefore, deny the same.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Defendants deny that Mr. Zeitlin utilizes unregistered fictitious names. Defendants further deny that Mr. Zeitlin tries or ever tried to conceal the identity of Compliance Consultants, LLC.

55.     Defendants deny that Mr. Zeitlin utilizes unregistered fictitious names. Defendants further deny that Mr. Zeitlin tries or ever tried to conceal the identity of American Technology Services, LLC.

56.     Defendants deny that Mr. Zeitlin utilizes unregistered fictitious names. Defendants further deny that Mr. Zeitlin tries or ever tried to conceal the identity of Unified Data Services, LLC.

57.     Denied.

58.     Paragraph 58 refers to a document that speaks for itself. Defendants deny the underlying substantive allegations in paragraph 58 that are taken from the document.

## **JURISDICTION AND VENUE**

59.     The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

60.     The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

61.     The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

62.     The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

63.     The allegations in this paragraph state conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## **PARTIES**

64.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and, therefore, deny the same.

65.     This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

66.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, deny the same.

67.     This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

68.     This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a

response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

69.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

70.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

71.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

72.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form

a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

73.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

74.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

75.    This Plaintiff was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

76.    Admitted in part and denied in part. Defendants admit that American Technology Services LLC was a Delaware limited liability company but was dissolved in 2021. The allegation concerning American Technology Services LLC's principal place of business states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

77.    Defendants deny that American Technology Services LLC ever used an unregistered fictitious name.

78.    Admitted in part and denied in part. Defendants admit that Compliance Consultants LLC was a Delaware limited liability company but was dissolved in 2021. The allegation concerning Compliance Consultants LLC's principal place of business states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

79.    Defendants deny that Compliance Consultants LLC ever used an unregistered fictitious name.

80.    Admitted in part and denied in part. Defendants admit that Unified Data Services LLC was a Delaware limited liability company but was dissolved in 2021. The allegation concerning Unified Data Services LLC's principal place of business states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

81.    Defendants deny that Unified Data Services LLC ever used an unregistered fictitious name.

82.    Admitted in part and denied in part. Defendants admits that Richard Zeitlin is an individual who resides in Las Vegas, NV. Defendants deny the allegation to the extent it implies that the other Defendants, ("LLC Defendants"),  have not been dissolved or are currently in operation. Answering further, the remaining allegations are denied.

83.    Denied.

84.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

85.     Denied.

86.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

87.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

88.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

89.     Defendants deny to the extent it implies that any unlawful conduct
occurred. Answering further, the paragraph is denied in its entirety.

90.     Denied.

91.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

92.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

93.     This paragraph states a legal conclusion to which no response is required.
To the extent a response is required, it is denied.

## PERSONAL PARTICIPATION LIABILITY

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Paragraph 98 states a legal conclusion to which n response is required. To the extent that a response is required, the allegations are denied.

## JOINT ENTERPRISE AND /OR ALTER EGO

99.     Denied.

100.    Denied.

101.    Denied.

102.    Paragraph 102 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

103.    Denied.

104.    Paragraph 104 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

105.    Paragraph 105 states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

106.    Denied.

## GENERAL FACTUAL ALLEGATIONS

107.    The term "make a call" is a term of art. The allegations in paragraph 107 therefore, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

108.   The term "make a call" is a term of art. The allegations in paragraph 108 therefore, state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they ever utilized soundboard technology for any prohibited use. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

109.   The allegations in paragraph 109 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

110.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and, therefore, deny the same.

111.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and, therefore, deny the same.

112.   Denied.

**PLAINTIFF JOSEPH SHOEMAKER'S FACTUAL ALLEGATIONS**

113.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and, therefore, deny the same.

114.   Denied.

115.   Denied.

116.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and, therefore, deny the same.

117.   Denied.

118.   Denied.

119.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and, therefore, deny the same.

120.   Denied.

121.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and, therefore, deny the same.

122.   Denied.

123.   Denied.

124.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and, therefore, deny the same.

125.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and, therefore, deny the same.

126.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 and, therefore, deny the same.

127.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and, therefore, deny the same.

128.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and, therefore, deny the same.

129.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and, therefore, deny the same.

130.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and, therefore, deny the same.

131.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and, therefore, deny the same.

132.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and, therefore, deny the same.

133.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and, therefore, deny the same.

134.    Denied.

135.    Denied.

136.    Denied.

**<ins>PLAINTIFF RICHARD GINDIN'S FACTUAL ALLEGATIONS</ins>**

137.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and, therefore, deny the same.

138.    Defendants deny that Plaintiff Gindin received a call from the Zeitlin Companies. Answering further, the LLC Defendants deny that they made a call on July 14, 2021 as each of these Defendants were dissolved prior to that date. Defendant Zeitlin denies any involvement in any call Plaintiff Gindin received on that date.

139.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and, therefore, deny the same. Answering further, Defendants deny that they ever used spoofed numbers.

140.   Denied.

141.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and, therefore, deny the same.

142.   Paragraph 142 appears to refer to a recording which speaks for itself. To the extent that the allegations are inconsistent with the recording, they are denied.  To the extent that the allegations do not refer to a recording or document, they are denied.

143.   Denied.

144.   Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and, therefore, deny the same.

145.   Denied.

146.   Denied. Answering further, Defendants deny that the Zeitlin Companies ever utilized spoofed numbers.

147.   Defendants deny that the Zeitlin Companies placed the calls referred to in paragraph 147. Answering further, Defendants lack information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 147.

148.    The allegations in paragraph 148 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

149.    The allegations in paragraph 149 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

150.    The allegations in paragraph 150 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

151.    The allegations in paragraph 151 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

152.    The allegations in paragraph 152 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

153.    The allegations in paragraph 153 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

154.    The allegations in paragraph 154 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

155.    Denied.

156.    The allegations in paragraph 156 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document. Answering further, Defendants deny that LAV Services ever received any distributions from Scam PACs,

157.   The allegations in paragraph 157 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document.

158.   Denied.

159.   The allegations in paragraph 159 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document. Answering further, Defendants deny that Wired4Data LLC ever received any distributions from Scam PACs.

160.   The allegations in paragraph 160 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document. Answering further, Defendants deny that 1009 Whitney Ranch Drive, Henderson, NV 89014 is currently associated with the Zeitlin Companies.

161.   Denied.

162.   Denied.

163,   The allegations in paragraph 163 refer to a document, which speaks for itself. Defendants deny any allegations that are inconsistent with the document. Answering further, Defendants deny that Standard Data Services LLC ever received any distributions from Scam PACs.

164.   Denied.

### PLAINTIFF DEMYA JOHNSON'S FACTUAL ALLEGATIONS

The Court dismissed the allegations contained in paragraphs 165 through 177 of the Amended Complaint by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the allegations contained in these paragraphs are denied.

### PLAINTIFF KIMBERLY STARLING'S FACTUAL ALLEGATIONS

The Court dismissed the allegations contained in paragraphs 178 through 188 of the Amended Complaint by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the allegations contained in these paragraphs are denied.

### PLAINTIFF MATTHEW MCCORMICK'S FACTUAL ALLEGATIONS

The Court dismissed the allegations contained in paragraphs 189 through 201 of the Amended Complaint by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To the extent a response is required, the allegations contained in these paragraphs are denied.

### THE ZEITLIN COMPANIES' LIABILITY

202.    This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied. Answering further, Defendants deny that the Zeitlin Companies utilized artificial or prerecorded voices or soundboard technology without obtaining prior express consent.

203.   Denied.

204.   Denied. Answering further, Defendants deny they have ever been associated with Scam PACs.

205.   This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

206.   This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

207.   This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

208.   Denied.

209.   This paragraph states a legal conclusion to which no response is required. To the extent the conclusion is contrary to law, it is denied.

## CLASS ACTION ALLEGATIONS

210.   Defendants admit that Plaintiffs purport to bring this claim on behalf of a class.

211.   Defendants admit that Plaintiffs purport to define the class as stated in paragraph 211. Defendants deny that this matter may be properly maintained against them as a class action as defined in paragraph 211 or otherwise.

212.   Defendants admit that Plaintiffs purport to exclude the members identified in paragraph 212 from the class defined in paragraph 211. Defendants

deny that this matter may be properly maintained against them as a class action as defined in paragraph 211 or otherwise.

213.   Admitted in part and denied in part. Defendants deny the first three sentences. With respect to the fourth sentence, Defendants admit that Plaintiffs are bringing this lawsuit as a class action. Defendants deny that the putative class members are similarly situated. Defendants further deny that this matter may be properly maintained against them as a class action as defined in paragraph 211 or otherwise.

214.   Plaintiffs' claim that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are present and satisfied is a legal conclusion, which is not subject to admission or denial. Defendants deny that this matter may properly be maintained against Defendants as a class action. Defendants deny the remaining allegations contained in paragraph 214.

215.   Plaintiffs' claim that the numerosity requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial. Defendants deny that this matter may properly be maintained against Defendants as a class action. Defendants deny the remaining allegations contained in paragraph 215. Answering further, Defendants deny that the class consists of thousands of individuals.

216.   Defendants deny that this matter may properly be maintained against Defendants as a class action. Defendants further deny that either the Defendants or any third party maintains written or electronic records sufficient to identify class members assuming such a class were to exist.

217.   Plaintiffs' claim that common questions of law or fact exist is a legal conclusion, which is not subject to admission or denial. To the extent that a response is required, Defendants deny that common questions of law or fact exist or that the common questions predominate over individual questions. Defendants deny that the named Plaintiffs can adequately represent the class.

218.   Denied.

219.   Plaintiffs' claim that the typicality requirement of Rule 23(a) is present and satisfied is a legal conclusion, which is not subject to admission or denial. Answering further, Defendants deny that the named Plaintiffs' claims are typical of class members.

220.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

221.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

222.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

223.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

224.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

225.   This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, it is denied.

226.   Defendants deny that they can identify any class member from their own records assuming any such class exists. Defendants further deny that the identification would be a purely ministerial act.

227.   Admitted in part and denied on part. Defendants admit that Plaintiffs are seeking statutory remedies. Defendants deny that they violated any of the statutory provisions identified in the Amended Complaint. The allegation concerning unjust enrichment concerns a Count that was dismissed by Order issued June 5, 2023 (ECF 52). Therefore, the allegation is moot and no response is required. To the extent a response is required, this allegation is denied.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiffs and the TCPA Class)**

228.   Defendants repeat its answers to the allegations contained in the foregoing paragraphs 1 through 227 as though fully set forth herein.

229.   Denied.

230.   The term "make a call" is a term of art. The allegations in paragraph 230 therefore, state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

231.   The allegations in paragraph 231 state legal conclusions to which no response is required. To the extent a response is required, the allegations  are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint.

232.   The allegations in paragraph 232 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint or otherwise engaged in unlawful conduct.

233.   The allegations in paragraph 233 state legal conclusions to which no response is required. To the extent a response is required, they are denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint or otherwise engaged in unlawful conduct.

234.   The allegations in paragraph 234 state legal conclusions to which no response is required. To the extent a response is required, the allegations are

denied. Defendants further deny that they violated any of the statutory provisions identified in the Amended Complaint or otherwise engaged in unlawful conduct.

## SECOND CAUSE OF ACTION
### Unjust Enrichment/Disgorgement/Restitution

The Court dismissed the allegations contained in paragraphs 235 through 239 of the Amended Complaint by Order issued June 5, 2023 (ECF 52). Therefore, the allegations are moot and no response is required. To th extent any response is required, all allegations are denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to recover any of the relief requested in the WHEREFORE clause immediately following paragraph 239. Defendants acknowledge Plaintiffs demand a trial by jury. Defendants deny Plaintiffs are entitled to trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Amended Complaint, and without admitting or acknowledging that Defendants bear the burden of proof as to any of them, Defendants asserts the following defenses. Defendants intend to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserve the right to amend this Answer to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint herein, and each cause of action thereof, fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from Defendants.

## SECOND AFFIRMATIVE DEFENSE

The acts complained of by the Plaintiffs were undertaken or performed by third parties over which Defendants have no direction or control.

## THIRD AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, the putative class is not so numerous that joinder of any qualified member is impracticable; Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; Plaintiffs and their counsel are unable to fairly and adequately protect the interests of the putative class members; the putative class members cannot be identified or ascertained by reference to objective criteria in an administratively feasible manner; and there are insurmountable difficulties in any attempt to proceed as a class action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants as a class action to the extent to which such class recovery would deprive Defendants of its due process rights to assert individualized defenses to claims of class members.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants as a class action to the extent that the Court lacks personal jurisdiction over the claims brought by non-resident Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Richard Zeitlin individually or as a class because the Court lacks personal jurisdiction over Mr. Zeitlin for any of the claims brought by the Plaintiffs or putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants as a class action to the extent that the Court lacks subject matter jurisdiction over the claims brought by Plaintiffs that accrued prior to July 6, 2020.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants individually or as a class action to the extent that a Plaintiff or putative class member lacks Article III standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants individually or as a class action to the extent that a Plaintiff or putative class member lacks prudential standing.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants individually or as a class action to the extent that the claim is barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class members cannot recover from Defendants individually or as a class action to the extent that the conduct that gave rise to the claim occurred after the LLC Defendants were dissolved.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants; award Defendants their attorneys' and costs incurred in defending the lawsuit; and award Defendants such other relief the Court deems appropriate.

Respectfully submitted on July 19, 2023

**THE BERNHOFT LAW FIRM, S.C.**
Attorneys for the Defendants

 /s/ Thomas E. Kimble
Thomas E. Kimble, Esq.
Illinois Bar No. 6257935
1402 E. Cesar Chavez Street
Austin, Texas 78702
(512) 582-2100 telephone
(512) 373-3159 facsimile
tekimble@bernhoftlaw.com
Appearing *pro hac vice*

## Certificate of Service

I hereby certify that on July 19, 2023, service was made of the foregoing ANSWER TO PLAINTIFFS' AMENDED COMPLAINT on the Plaintiffs through Counsel of Record using the Court's ECF service.

 /s/ Thomas Kimble
Thomas Kimble